DOUGLAS A. SCULLION (Bar No. 215339)
ANNA S. YOUSSEFI (Bar No. 260911)
DENTONS US LLP
One Market Plaza, Spear Tower
San Francisco, California 94105
Telephone: (415) 267-4000
Facsimile: (415) 267-4198
E-mail: doug.scullion@dentons.com
anna.youssefi@dentons.com

Attorneys for Defendant
LINCOLN NATIONAL CORPORATION;
LINCOLN FINANCIAL GROUP, THE
LINCOLN NATIONAL LIFE INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERI CRAIG,<br><br>            Plaintiff,<br><br>v.<br><br>LINCOLN NATIONAL CORPORATION; LINCOLN FINANCIAL GROUP, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>            Defendants. | Case No. 2:17-CV-00007-FFM<br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

Defendants Lincoln National Corporation ("LNC"), Lincoln Financial Group ("LFG"), and The Lincoln National Life Insurance Company ("Lincoln") (collectively, "Defendants")[1] hereby answer Plaintiff Cheri Craig's Complaint in this action and state as follows:

---

[1] Lincoln National Corporation, erroneously sued herein, is the parent company of The Lincoln National Life Insurance Company. Lincoln Financial Group is a registered service mark held by Lincoln National Corporation, and is not a legal entity capable of being sued.

CASE NO. 2:17-CV-00007-FFM        - 1 -        DEFENDANTS' ANSWER TO COMPLAINT

## PRELIMINARY STATEMENT

The Complaint does not describe the alleged underlying claims with sufficient particularity to enable Defendants to determine all of their legal, contractual and equitable rights. Accordingly, Defendants reserve the right to amend and supplement the averments of this Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

This preliminary statement is incorporated by reference in its entirety in response to each and every paragraph of Plaintiff's Complaint.

## Allegations Common to Both Claims For Relief

1. Answering Paragraph 1, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1, and on that basis deny each and every allegation contained therein.

   1. Answering sub-paragraph 1 of Paragraph 1, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and on that basis deny each and every allegation contained therein.

   2. Answering sub-paragraph 2 of Paragraph 1, on information and belief, Defendants admit Plaintiff was a resident of the State of California and moved to Ohio. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein, and on that basis deny each and every remaining allegation contained in sub-paragraph 2 of Paragraph 1.

   3. Answering sub-paragraph 3 of Paragraph 1, Defendants admit Lincoln, a wholly owned subsidiary of LNC, is authorized to transact and transacts business in the Central District of California, and can be found in the Central District of California. Defendants further admit the alleged events and omissions occurred while Lincoln was transacting business in that district. Except as so

admitted, Defendants deny the allegations in sub-paragraph 3 of Paragraph 1.

2. Answering Paragraph 2, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2, and on that basis deny each and every allegation contained therein.

3. Answering Paragraph 3, Defendants admit the allegations therein.

4. Answering Paragraph 4, Defendants admit Lincoln is a corporation organized and incorporated under the laws of the state of Indiana with its principal place of business in Radnor, Pennsylvania. LFG is a registered service mark held by LNC, and is not a legal entity capable of being sued. Except as so admitted, Defendants deny the allegations in Paragraph 4.

5. Answering Paragraph 5, Defendants admit the communications alleged in the Complaint occurred with Plaintiff's attorney in Los Angeles County, California. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5, and on that basis deny each and every allegation contained therein.

## The Disputed Claim

6. Answering Paragraph 6, Defendants admit Lincoln issued a short term disability ("STD") policy, Policy No. 000010080929 ("STD Policy") and a long term disability ("LTD") policy, Policy No. 000010080928 ("LTD Policy") to Lake Avenue Church. Defendants further admit Plaintiff was covered by the STD Policy and the LTD Policy. Except as so admitted, Defendants deny the allegations in Paragraph 6.

7. Answering Paragraph 7, Defendants admit Plaintiff became partially disabled on September 16, 2013 and state the medical records supporting that claim speak for themselves and are the best evidence of their contents. To the extent the Plaintiff's allegations are contrary to the contents of her medical records, Defendants deny the allegations in Paragraph 7.

8. Answering Paragraph 8, Defendants admit Plaintiff applied for

1 benefits under the STD Policy. Defendants admit Lincoln initially denied Plaintiff's claim, Plaintiff appealed, and Lincoln overturned its decision and paid STD benefits, subject to offsets, for the maximum benefit period under the STD Policy. Except as so admitted, Defendants deny the allegations in Paragraph 8.

9. Answering Paragraph 9, Defendants admit Plaintiff applied for benefits under the LTD Policy and admit Lincoln paid LTD benefits for the maximum benefit period thereunder, subject to offsets. Except as so admitted, Defendants deny the allegations in Paragraph 9.

10. Answering Paragraph 10, Defendants deny the allegations therein.

11. Answering Paragraph 11, Defendants state the LTD Policy speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations are contrary to the contents of the LTD Policy, Defendants deny the allegations in Paragraph 11. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 11, and on that basis deny each and every allegation contained therein.

12. Answering Paragraph 12, Defendants state the LTD Policy speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations are contrary to the contents of the LTD Policy, Defendants deny the allegations in Paragraph 12.

13. Answering Paragraph 13, Defendants admit Lincoln offset Plaintiff's LTD benefits by $8,490.73 and admit Plaintiff appealed the benefit calculation. Defendants further admit Lincoln approved Plaintiff's LTD claim for the remainder of the benefits period by letter dated January 11, 2016 and this letter speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations are contrary to the contents of the letter, Defendants deny the allegations in Paragraph 13. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 13, and on that basis deny each and every allegation contained therein.

### The Handling of Craig's Claim

14. Answering Paragraph 14, Defendants admit the allegations therein on information and belief.

15. Answering Paragraph 15, Defendants admit the allegations therein.

16. Answering Paragraph 16, Defendants admit Lincoln denied Plaintiff's STD claim by letter dated November 15, 2013 and this letter speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations are contrary to the contents of this letter, Defendants deny the allegations in Paragraph 16.

17. Answering Paragraph 17, Defendants state the November 15, 2013 letter and the STD Policy speak for themselves and are the best evidence of their contents. To the extent Plaintiff's allegations are contrary to the contents of the letter and the STD Policy, Defendants deny the allegations in Paragraph 17.

18. Answering Paragraph 18, Defendants admit Plaintiff's attorney submitted an appeal letter dated May 14, 2014 and state the letter speaks for itself and is the best evidence of its contents. Except as so admitted, Defendants deny the allegations in Paragraph 18.

19. Answering Paragraph 19, Defendants admit Lincoln upheld its denial of Plaintiff's STD claim by letter dated May 19, 2014 and state the letter speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations are contrary to the contents of this letter, Defendants deny the allegations in Paragraph 19.

20. Answering Paragraph 20, Defendants admit Plaintiff's attorney submitted an appeal letter dated June 2, 2014 and state the letter speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations are contrary to the contents of this letter, Defendants deny the allegations in Paragraph 20.

21. Answering Paragraph 21, Defendants admit Lincoln upheld its denial of Plaintiff's STD claim by letter dated June 4, 2014 and state the letter speaks for

itself and is the best evidence of its contents. To the extent Plaintiff's allegations are contrary to the contents of this letter, Defendants deny the allegations in Paragraph 21.

22. Answering Paragraph 22, Defendants admit Plaintiff submitted an appeal letter dated November 6, 2014 and a letter from her doctor, and state these letters speak for themselves and are the best evidence of their contents. To the extent Plaintiff's allegations are contrary to the contents of these letters, Defendants deny the allegations in Paragraph 22. Defendants further admit Lincoln requested documentation of the amounts of state disability benefits Plaintiff received and admit this information was provided. Except as expressly admitted herein, Defendants deny the remaining allegations of Paragraph 22.

23. Answering Paragraph 23, Defendants admit Lincoln granted Plaintiff the maximum 12 weeks of STD benefits by letter dated December 10, 2014 and state the letter speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations are contrary to the contents of this letter, Defendants deny the allegations in Paragraph 23. Defendants deny the remaining allegations in Paragraph 23.

24. Answering Paragraph 24, Defendants admit Lincoln requested information regarding Plaintiff's state disability benefits in connection with her LTD claim by letters dated December 4, 2014 and January 5, 2015 and admit Plaintiff's attorney provided the information on January 13, 2015. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 24, and on that basis deny each and every remaining allegation contained therein.

25. Answering Paragraph 25, Defendants admit Lincoln approved Plaintiff's LTD claim by letter dated February 25, 2015 and state the letter speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations are contrary to the contents of this letter, Defendants deny the

1  allegations in Paragraph 25. Defendants deny the remaining allegations in
2  Paragraph 25.
3      26. Answering Paragraph 26, Defendants admit Lincoln contacted Plaintiff
4  regarding her LTD claim by letter dated May 13, 2015 and state the letter speaks
5  for itself and is the best evidence of its contents. To the extent Plaintiff's
6  allegations are contrary to the contents of this letter, Defendants deny the
7  allegations in Paragraph 26.
8      27. Answering Paragraph 27, Defendants admit Lincoln communicated
9  with Plaintiff's counsel regarding Plaintiff's LTD claim and paid Plaintiff an
10 additional $4,580.76. Except as so admitted, Defendants deny the allegations
11 therein.
12     28. Answering Paragraph 28, Defendants admit Lincoln informed Plaintiff
13 by letter dated January 11, 2016 that a benefit payment for the period April 15,
14 2015 to December 15, 2015 was released and state the letter speaks for itself and is
15 the best evidence of its contents. To the extent Plaintiff's allegations are contrary to
16 the contents of this letter, Defendants deny the allegations in Paragraph 28.

## First Claim for Relief
## Breach of Contract

19     29. Answering Paragraph 29, Defendants deny the allegations therein.

## Second Claim for Relief
## Breach of Implied Covenant of Good Faith and Fair Dealing

22     30. Answering Paragraph 30 and each of its sub-paragraphs, 30 (1)
23 through (7), Defendants deny the allegations therein.
24     31. Answering Paragraph 31, Defendants deny the allegations therein.
25     32. Answering Paragraph 32, Defendants deny the allegations therein.
26     33. Answering Paragraph 33, Defendants deny the allegations therein.
27     34. Answering Paragraph 34, Defendants deny the allegations therein.
28

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

## PRAYER FOR RELIEF

Answering Paragraphs 1-5 of the Complaint containing Plaintiff's prayer for judgment, Defendants deny Plaintiff is entitled to any relief set forth therein.

## DENIAL OF ALLEGATIONS NOT EXPRESSLY ADMITTED

Defendants deny all allegations of the Complaint not expressly and specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Facts)

The Complaint and each purported cause of action therein fails to state facts sufficient to set forth a claim for relief against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Time Barred)

The Complaint, and each purported cause of action alleged therein, is barred by the applicable statute of limitations and/or the applicable contractual limitations provisions of the STD and LTD Policies.

## THIRD AFFIRMATIVE DEFENSE

### (Genuine Dispute)

Lincoln has dealt fairly with Plaintiff and has handled her claim in good faith, and Plaintiff's claims are subject to a genuine dispute as to coverage.

## FOURTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Defendants deny Plaintiff has sustained any injury, damage or loss by reason of any act, error or omission on the part of Defendants. If, however, it is established that such persons have sustained any injury, damage or loss, and that Defendants are liable in any amount or at all, any such injury, damage or loss was proximately caused or contributed to by negligence and other improper acts on the part of Plaintiff or others, and the amount of any such injury, damage or loss must

be apportioned, according to the respective comparative fault, among all those persons whose negligence and improper acts caused and contributed to any such alleged injuries, damages or losses.

### FIFTH AFFIRMATIVE DEFENSE
### (Damages Not Caused by Defendants)

If Plaintiff has suffered any damages, those damages are a result of Plaintiff's own acts or omissions, or the acts or omissions of third parties over whom Defendants had no authority or control, and not the result of any conduct by Defendants.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff is barred from recovery of damages pursuant to the allegations of the Complaint, or any cause of action contained therein, to the extent Plaintiff failed to mitigate her damages or to take such actions as are reasonably necessary to mitigate or avoid any such alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE
### (Equal Protection)

The provisions of California law limiting the amount of punitive damages which may be awarded in specified types of cases, while allowing unlimited punitive damages for other tortious conduct, constitutes impermissible discrimination against those subject to unlimited punitive damage awards, such as Defendants, and in favor of those defendants not subject to unlimited punitive damage awards, in violation of Article IV, Section 2, and the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 7, and Article IV, Section 16 of the California Constitution.

### EIGHTH AFFIRMATIVE DEFENSE
### (Due Process)

The application of California law regarding punitive or exemplary damages

to Defendants in this case is impermissibly vague, imprecise and inconsistent in violation of the rights of Defendants guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7, of the California Constitution.

## NINTH AFFIRMATIVE DEFENSE
### (Additional Affirmative Defenses)

Plaintiff fails to plead claims with sufficient particularly to permit Defendants to determine all applicable defenses. Defendants reserve the right to allege additional affirmative defenses as Defendants discover facts or circumstances supporting those affirmative defenses through discovery or otherwise.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by reason of her Complaint on file herein;
2. That Plaintiff's claims be dismissed;
3. That Defendants be awarded their costs of suit incurred herein; and
4. For such other relief as the Court may deem just and proper.

Dated: February 17, 2017          DENTONS US LLP

By: */s/ Anna S. Youssefi*
Douglas A. Scullion
Anna S. Youssefi

Attorneys for Defendant
LINCOLN NATIONAL CORPORATION; LINCOLN FINANCIAL GROUP; THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

102539157

CASE NO. 2:17-CV-00007-FFM    - 10 -    DEFENDANTS' ANSWER TO COMPLAINT